UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELLEN RAAB,

    Plaintiff,

                                                    Case No.:

vs.

CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, LLC,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

5. Plaintiff, ELLEN RAAB, is a natural person who resides in the City of Cooper City, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC  (hereinafter "Defendant") is a collection agency operating from an address of 80 Holtz

1

Drive, Cheektowage, NY 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is further registered as a "debt collector" with the Division of Licensing in the state of Florida.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Plaintiff has never been in business for herself and therefore all of her debts are personal in nature.

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to

2

determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

16. In or about September 2012, Defendant collectors contacted Plaintiff by telephone in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. During these calls, Defendant left voice mails on Plaintiff's answering machine, and failed to identify themselves as debt collectors. More specifically, Defendant left the following message on Plaintiff's answering machine:

This message is meant solely for Ellen Raab.

Ellen, my name is Charles Murphy calling with Creditors Interchange Receivable Management, calling in regards to a uh, uh, a jewelry, T.V., Bill Me Later account, and the request that they have made of me to sign off on this account authorizing the finalization of paperwork to have this account pursued legally against you.

To be honest with you ma'am, uh, what's holding me back from doing that is you have made a payment on this account. You made a $50 dollar payment on this account in August, and therefore I want to give you the opportunity to contact me back here and see if there is some sort of arrangement that we can make to get make payments on this, or extend to you a settlement offer that would be moved up to you enough to avoid any sort of legal proceeding whatsoever. My office will be open until 9pm eastern time, this evening, Feb... or I'm sorry, good lord, September 28, 2012. My number is 1-866-896-5260, extension is 3434. Your eight digit settlement confirmation code reads as follows 15736660, basically what that means is that they are extending a settlement option to you if you return the call this evening you can a basically make, split the balance down the middle and pay one part of it so, and that will take care of it in full for you, so uh, obviously it is in your best interest to return my call and I do look forward to speaking with you so we can remedy this situation in an amicable fashion. Again the number is 1-866-896-5260, extension is 3434, your eight digit settlement confirmation code is 15736660, thank you.

## SUMMARY

18. All of the above-described collection communications made to Plaintiff by Defendant, and collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

a) 15 U.S.C. § 1692e of the FDCPA by using false, deceptive, and misleading misrepresentations with the collection of any debt

b) Defendant violated 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt

c) Defendant violated 1692d(6) of the FDCPA by failing to meaningfully disclose their identity when leaving the voice mails.

19. During its collection communications, Defendant and the individual debt collectors employed by Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

20. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2
### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

25. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

### COUNT 3
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

26. Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

27.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.  Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the deft.

29.  Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)  Damages and
B)  Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: October 4, 2012                    Respectfully submitted,

                                                             s/ J. Dennis Card Jr.
                                                             J. Dennis Card Jr., Esq.
                                                             E-mail:  Dcard@Consumerlaworg.com
                                                             Florida Bar No.:  0487473
                                                             Consumer Law Organization, P.A.
                                                             2501 Hollywood Boulevard, Suite 100
                                                             Hollywood, FL 33020
                                                             Telephone: (954) 921-9994
                                                             Facsimile: (954) 921-9553
                                                             Attorney for Plaintiff